IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 3:23-cr-165–HEH
)
RAQUAN UNIQUE SCOTT, )
)
Defendant. )

**MEMORANDUM OPINION**
**(Denying Defendant's Motion to Dismiss)**

THIS MATTER is before the Court on Defendant Raquan Unique Scott's

("Defendant") Motion to Dismiss the Indictment (the "Motion," ECF No. 28), filed on

July 10, 2024. The Indictment (ECF No. 1) charges Defendant with Possession of

Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1). Defendant moves to

dismiss the Indictment on the ground that § 922(g)(1) is unconstitutional as applied to

him under the U.S. Supreme Court's firearm analysis articulated in *N.Y. State Rifle &*

*Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022) and elaborated on in *United States v.*

*Rahimi*, 144 S. Ct. 1889 (2024). The Government filed its Response in Opposition (ECF

No. 35) to the Motion on July 19, 2024. The Court heard oral argument at a hearing on

August 9, 2024, where it denied the Motion for the reasons that follow. (Minute Entry

at 1, ECF No. 37.)

**I. BACKGROUND**

In 2008, while he was a minor, Defendant was convicted of felony robbery, use of

a firearm in commission of a felony, and burglary. (Resp. in Opp'n at 1.) Defendant

served a sentence in the Virginia Department of Corrections on these charges and was released on June 21, 2022. (Mot. at 1–2.) On October 28, 2022, shortly after his release, Defendant was in a convenience store when the police arrived and began speaking with others present at the store. (*Id.* at 3; Indictment at 1.) Defendant placed a firearm in the refrigerator at the back of the store and then left. (Mot. at 3; Resp. in Opp'n at 1.) The police recovered the firearm and captured the incident on their body-worn cameras, as well as surveillance cameras in the convenience store. (Mot. at 3.)

On December 1, 2023, a grand jury indicted Defendant in a one-count Indictment, charging him with Possession of Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1). (Indictment at 1.) Defendant was arraigned on December 22, 2023, and entered a plea of not guilty. (Minute Entry at 1, ECF No. 10.) He requested trial by jury which was originally scheduled to begin on February 26, 2024, but has been continued on Defendant's request. (*Id.*; Order at 1–2, ECF No. 17.)

## II. LEGAL STANDARD

Title 18 U.S.C. § 922(g)(1) makes it unlawful for a convicted felon to possess a firearm or ammunition. It states in full:

> It shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1). Defendant brings an as-applied challenge to the constitutionality of § 922(g)(1) pursuant to Federal Rule of Criminal Procedure 12 which permits parties

2

to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." FED. R. CRIM. P. 12(b)(1).

### III. DISCUSSION

Defendant asserts that the Court must dismiss the Indictment because *Rahimi* overruled this Court's prior determination that it is bound by *District of Columbia v. Heller*, 554 U.S. 570 (2008) and the Fourth Circuit's decisions in *United States v. Moore*, 666 F.3d 313 (4th Cir. 2012), and *United States v. Pruess*, 703 F.3d 242 (4th Cir. 2012), which upheld § 922(g)(1) as "presumptively lawful." (Mot. at 6–7); *see United States v. Williams*, No. 3:22-cr-158–HEH, 2023 WL 6368971, at *5 (E.D. Va. Sept. 28, 2023). Defendant argues that this Court must engage in both steps of the *Bruen* analysis and that, under that analysis, 922(g)(1) is unconstitutional as applied to Defendant. (Mot. at 7–14.)

*Rahimi* addressed a facial challenge to § 922(g)(8), which bars individuals subject to protective orders containing a finding that the individual poses a risk of violence from possessing firearms. 144 S. Ct. at 1898. After conducting the *Bruen* analysis, the Supreme Court found that § 922(g)(8) was constitutional and that the United States' "tradition of firearm regulation allows the Government to disarm individuals who present a credible threat to the physical safety of others." *Id.* at 1902.

This Court has previously held that, under *Heller* and its progeny, the Second Amendment does not protect those who are not "law-abiding responsible citizens." *Williams*, 2023 WL 6368971, at *3, *5. Defendant asserts that *Rahimi* overruled this holding by clarifying that *Heller* does not categorically exclude those who are not "law-

3

abiding, responsible citizens" from the protection of the Second Amendment. (Mot. at 6–7, 11–12.) He argues that, under *Rahimi*, the Government must show that Defendant poses a "clear threat of physical violence" or a "credible threat to the physical safety of others" for § 922(g)(1) to be constitutional as applied to him.[1] (*Id.* at 7, 15–19.)

Defendant misreads *Rahimi*. In *Rahimi*, the Supreme Court held that "responsible" was a vague term that "describe[s] the class of ordinary citizens who undoubtedly enjoy the Second Amendment right." 144 S. Ct. at 1903 (citing *Heller*, 554 U.S. at 635). The Court stated that *Heller* and *Bruen* did not define "responsible" "and said nothing about the status of citizens who were not 'responsible'" because the question was not presented. *Id.* However, the Supreme Court did not say anything about the term "law-abiding." *See United States v. Pemberton*, No. 4:24-cr-35, 2024 WL 3166893, at *2 (E.D. Va. June 25, 2024) (holding that *Rahimi's* ruling on the term "responsible" did not invalidate *Heller's* assertion that the Second Amendment only covers "law-abiding" citizens). Thus, *Rahimi's* ruling on the word "responsible" does not displace *Heller* or the precedent that flowed from it establishing that non-law-abiding citizens are not covered by the Second Amendment.

Nor did the Supreme Court hold that *Heller* is bad precedent. In fact, in *Rahimi*, the Supreme Court quotes *Heller*, stating that "prohibitions, like those on the possession of firearms by '*felons* and the mentally ill,' are 'presumptively lawful.'" *Id.* at 1902

---

[1] Defendant suggests that the Court should apply the categorical approach to determine whether his prior felonies indicate that he poses a threat to public safety. (Mot. at 15–19.) The Court rejects this argument, as the categorical approach is not contemplated in *Bruen* and does not appear to be relevant to the *Bruen* analysis.

4

(quoting *Heller*, 554 U.S. at 636) (emphasis added).  Accordingly, *Heller* and its progeny

remain binding law in the Fourth Circuit.  *See United States v. Price*, No. 22-4609, 2024

WL 3665400, at *4 (4th Cir. Aug. 6, 2024) ("Nothing in *Bruen* abrogated *Heller's*

extensive discussion of the contours of the scope of the right enshrined in the Second

Amendment.")

For these reasons, Defendant's as-applied challenge to § 922(g)(1) fails.  This

Court has held that *Moore* and *Pruess* remain binding precedent.  *Williams*, 2023 WL

6368971, at *5.  Like in *Pruess*, Defendant, due to his prior felony convictions involving

robbery and the use of a firearm, "cannot rebut the presumption of lawfulness of the

felon-in-possession prohibition as applied to him."  703 F.3d at 246.  Thus, Defendant's

as-applied challenge will be denied.

## IV.  CONCLUSION

Bound by the presumptive lawfulness of longstanding prohibitions on the

possession of firearms by felons under *Heller*, and the Fourth Circuit's reasoning in

*Moore* and *Pruess*, the Court will deny Defendant's Motion to Dismiss.  An appropriate

Order will accompany this Memorandum Opinion.

Henry E. Hudson
Senior United States District Judge

Date: August 15, 2024
Richmond, Virginia

5