IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 3:23-cr-165-HEH |
| | ) |
| RAQUAN UNIQUE SCOTT, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**
**(Denying Defendant's Objection to Presentence Investigation Report)**

THIS MATTER is before the Court on Defendant Raquan Unique Scott's ("Defendant") Objection to the Pre-Sentence Report (the "Objection," ECF No. 49), filed on December 30, 2024. There, he argues that the United States Probation Office erroneously determined that Virginia's statute prohibiting the use of a firearm in the commission of a felony qualifies as a crime of violence, and thus wrongly calculated a base offense level of 20. (Obj. at 1–5). The Government opposes Defendant's Objection, insisting that Defendant's prior conviction qualifies as a crime of violence. (Resp. in Opp'n, ECF No. 55.) The Court held a sentencing hearing on January 22, 2025, where it overruled the Objection for the reasons that follow[1]. (Min. Entry at 4, ECF No. 58.)

I. BACKGROUND

In 2008, Defendant was convicted of felony robbery, use of a firearm in commission of a felony, and burglary. (Resp. in Opp'n at 1.) Defendant served a

---

[1] The Court also heard argument on other matters relating to Defendant's sentence, to conditions of his supervised release, and to specific allegations in the Presentence Investigation Report. Those matters were resolved during the hearing for reasons stated on the record.

sentence in the Virginia Department of Corrections on these charges and was released on July 21, 2022. (ECF No. 47 at 10.) On October 28, 2022, Defendant, knowing that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess a firearm in a convenience store. (Statement of Facts, ECF No. 42.) Defendant was indicted by a federal grand jury for Possession of Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1). (ECF No. 1.) He pled guilty on August 22, 2024. (ECF No. 41.)

In preparation for Defendant's sentencing hearing, the United States Probation Office prepared and filed a Presentence Investigation Report. ("PSR," ECF No. 47.) The Probation Officer determined that the applicable guideline for Defendant's violation of 18 U.S.C. § 922(g)(1) was U.S.S.G. § 2K2.1(a)(4)(A) because Defendant "committed part of the instant offense subsequent to sustaining one felony conviction of a crime of violence (Use of Firearm in Commission of a Felony)." (PSR at 6 (citing U.S.S.G. § 2K2.1(a)(4)(A)).) Accordingly, the Probation Officer calculated a base offense level of 20. (PSR at 6.) Defendant objected to the base offense level of 20, arguing that Defendant's prior conviction for use of a firearm in commission of a felony was not a crime of violence. (Obj. at 1–5.)

## II. LEGAL STANDARD

Under the United States Sentencing Guidelines, a firearm offense under § 2K2.1 warrants a base offense level of 20 when "the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a

2

controlled substance offense." U.S.S.G. § 2K2.1(a)(4)(A). For the definition of the term "crime of violence," Application Note 1 of the Commentary to § 2K2.1 incorporates the meaning given that term in § 4B1.2. The relevant section in § 4B1.2 provides:

> (a) CRIME OF VIOLENCE.—The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—
>
> > (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> >
> > (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).

Section 4B1.2(a)(1) is referred to as the "force clause" and § 4B1.2(a)(2) as the "enumerated clause."

In determining whether a crime qualifies as a crime of violence, districts courts are required to apply the "categorical approach." *United States v. Taylor*, 979 F.3d 203, 207 (4th Cir. 2020), *aff'd*, 596 U.S. 845 (2022). Under this test, the Court must review a given crime's statutory elements and determine whether a violation of the statute requires the use, attempted use, or threatened use of physical force against another—or whether the statute qualifies as one of the offenses listed in an alternative clause, such as the enumerated clause in § 4B1.2(a). *See id.* If the statute can be violated in a non-violent manner and does not qualify as an enumerated offense, then the crime does not qualify as categorically violent, and thus does not warrant application of a base offense level of 20 under § 2K2.1(a)(4)(A).

3

Defendant's offense, use of a firearm in commission of a felony, is codified in Virginia Code § 18.2.-53.1, which provides in relevant part:

> It shall be unlawful for any person to use or attempt to use any pistol, shotgun, rifle, or other firearm or display such weapon in a threatening manner while committing or attempting to commit murder, rape, forcible sodomy, inanimate or animate object sexual penetration as defined in § 18.2-67.2, robbery, carjacking, burglary, malicious wounding as defined in § 18.2-51, malicious bodily injury to a law-enforcement officer as defined in § 18.2-51.1, aggravated malicious wounding as defined in § 18.2-51.2, malicious wounding by mob as defined in § 18.2-41 or abduction.

To identify the elements of a state offense and the minimum conduct required to prove them, the courts "look to state law" and "the interpretation of [the] offense articulated by that state's courts." *United States v. Dinkins*, 928 F.3d 349, 353 (4th Cir. 2019).

### III. DISCUSSION

Defendant argues that there are four reasons Virginia Code §18.2-53.1 does not qualify as a "crime of violence" as defined in § 4B1.2. First, a conviction under § 18.2-53.1 can result from the mere attempt to use a firearm, which is conduct that the Supreme Court has stated falls short of a crime of violence. (Obj. at 2 (citing *United States v. Taylor*, 596 U.S. 845, 852–55 (2022)).) Second, a defendant can be convicted under §18.2-53.1 without a *mens rea* to use a firearm, whereas § 4B1.2's definition for crime of violence carries an implied requirement that use of force must involve a criminal *mens rea*. (Obj. at 3.) Third, § 18.2-53.1 does not require that the firearm be used to commit the underlying offense. (Obj. at 5–6.) Finally, a defendant can be convicted under §18.2-

4

53.1 for threatening to harm himself, which falls short of § 4B1.2's requirement that the force be used or threatened "against the person of *another*." (Obj. at 6 (emphasis in original).)

The Government argues that Virginia Code §18.2-53.1 satisfies both U.S.S.G. § 4B1.2's force clause and its enumerated clause. (Resp. in Opp'n at 5.) The Government explains that § 18.2-53.1 is a compound offense that requires the prosecution to prove a predicate offense as part of a §18.2-53.1 charge. (*Id.* at 5–6.) Here, that predicate offense was robbery, which requires proof that a defendant deprived another of his property, against his will, by violence or intimidation. *Pierce v. Commonwealth*, 138 S.E.2d 28, 31 (Va. 1964). In other words, the Government contends, the compound nature of a § 18.2-53.1 charge based on robbery requires the prosecution to prove both offenses, and in so doing, prove *mens rea*, prove an actual use of a firearm that is related to the robbery, and prove that the use of the firearm affected the victim. Thus, a conviction for use of a firearm in the commission of robbery under § 18.2-53.1 satisfies U.S.S.G. § 4B1.2's force clause and therefore qualifies as a crime of violence. (*Id.* at 6–19.) In the alternative, the Government states that a § 18.2-53.1 offense based on robbery is a crime of violence because it satisfies the enumerated clause. (Resp. in Opp'n at 19–20 (citing *United States v. Gattis*, 877 F.3d 150, 156 (4th Cir. 2017)).)

The arguments raised by the parties have been presented in cases across this District. Those cases, almost invariably, result in decisions recognizing that § 18.2-53.1,

5

or a similar statute, qualifies as a crime of violence. Particularly instructive is *United States v. Coleman*, No. 3:22-cr-87, ECF. No. 44 (E.D. Va. Mar. 4, 2024). As explained in *Coleman*, Virginia Code § 18.2-53.1 criminalizes attempting to use or display a firearm in a threatening manner while committing one of a series of enumerated offenses, namely: murder, rape, forcible sodomy, inanimate or animate object sexual penetration, robbery, carjacking, burglary, malicious wounding, malicious bodily injury to a law enforcement officer, aggravated malicious wounding, malicious wounding by a mob and abduction. *Id*. Accordingly, *Coleman* states, "the statute [§ 18.2-53.1] requires that the Government demonstrate both that a criminal defendant attempted to use or displayed a gun and did so in connection with committing one of the enumerated felonies." *Id*. (citing *Holman v. Commonwealth*, 885 S.E.2d 493, 501 (Va. Ct. App. 2023)). Furthermore, the weapons element of § 18.2-53.1 requires that the firearm be used against the person of *another* in furtherance of the underlying felony. *Id*. at 3; *see Rowland v. Commonwealth*, 707 S.E.2d 331, 334 (Va. 2011). For all these reasons, the court in *Coleman* found that "Defendant's conviction under § 18.2-53.1 constitutes a categorically violent felony, as a conviction under the statute requires using or displaying a gun while committing one of the enumerated felonies." *Id*. at 4.

Similarly, in *Williams v. United States*, the court explained that a conviction under § 18.2-53.1 for use or display of a firearm during a robbery categorically qualifies as a violent felony "because the firearm elements of § 18.2-53.1 when read in conjunction with the elements of the underlying felony, require the prosecution to prove that a

6

defendant used a firearm or attempted to use a firearm in a threatening manner against another person and had a *mens rea* greater than recklessness, as required by *Borden*." *Williams v. United States*, No. 1:04-CR-160 (LMB), 2023 WL 6849433, at *5 (E.D. Va. Oct. 16, 2023) (citing *Borden v. United States*, 593 U.S. 420 (2021)).

Time and again, federal courts in Virginia have applied these lines of reasoning and have found convictions under Virginia Code § 18.2-53.1 to be categorically violent, notwithstanding the nature of the underlying felony. *See, e.g. id.*; *Williams*, 2023 WL 6849433, at *4 (finding conviction under § 18.2-53.1 to be categorically violent when robbery was the predicate felony); *Pannell v. United States*, 2018 WL 542978, at *7–8 (W.D. Va. Jan. 24, 2018) (same as to malicious wounding and robbery); *United States v. Al-Muwwakkil*, 2021 WL 1912373, at *4 (E.D. Va. May 12, 2021) (same as to abduction); *Robinson v. United States*, 2018 WL 2027092, at *2–6 (W.D. Va. May 1, 2018) (same as to robbery).

This Court likewise finds that a conviction for use of a firearm in the commission of robbery under § 18.2-53.1 qualifies as a categorically violent offense. Defendant was convicted of such an offense in 2008. The Probation Officer was thus correct to assign a base offense level of 20 given that Defendant committed the instant offense after sustaining a felony conviction for a crime of violence. *See* U.S.S.G. § 2K2.1(a)(4)(A).

## IV. CONCLUSION

For all the foregoing reasons, the Court OVERRULED Defendant's Objection to the Pre-Sentence Report (ECF No. 49). An appropriate Order will accompany this Memorandum Opinion.

                                            /s/
                                  Henry E. Hudson
                                  Senior United States District Judge

Date: February 3, 2025
Richmond, Virginia

8